MICHAEL J. McCANN AND BRIDGET A. McCANN, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. JOSEPH I. McCARTHY AND PAULINE McCARTHY, HIS WIFE, AND THE HOME OWNERS' LOAN CORPORATION, A BODY CORPORATE OF THE UNITED STATES, DEFENDANTS-APPELLANTS.

Argued February 1, 1938—Decided April 29, 1938.

For the plaintiffs-respondents, *Joseph M. Degnan.*

For the defendants-appellants McCarthy, *William Herda Smith.*

For the defendant-appellant Home Owners' Loan Corporation, *James A. Lynch, Jr.*

The opinion of the court was delivered by the

CAMPBELL, CHANCELLOR.  This is an appeal from a judgment in favor of the plaintiffs-respondents, entered upon a verdict in their favor, in an action of ejectment.

The plaintiffs-respondents are the owners of lands fronting on John street, in Belleville, and the defendants-appellants McCarthy are the owners of lands fronting on Rutgers street, the south rear line of the latter being the north rear line of the former; the dispute being as to a strip from 4.30 feet to 3.40 feet running the width of the lots.

The defendant-appellant Home Owners' Loan Corporation obtained leave to appear in the cause as the holder of a mortgage loan covering the lands of defendants-appellants McCarthy.

Five grounds of appeal are set down:

1. Error in refusal to direct a verdict.

2. Error in refusing to charge defendants-appellants' fourth request.

3. Error in submitting the cause to the jury.

4. Error in refusing to direct a verdict because there was no evidence to support the judgment.

5. The verdict of the jury was clearly the result of mistake or prejudice.

Three of these grounds may be swept aside for various reasons and without comment, thus leaving before us two grounds, namely: error in refusing to direct a verdict and error in refusing to charge the fourth request.

There was no error in refusing to direct the verdict.

There was proof presented by the plaintiffs below, which, if believed and accepted by the jury, called for a verdict in their favor.

This was not a cause calling for the construction of any deed or other muniment of title but, on the contrary, a question of location.

This required a submission of that question to the jury. *Curtis* v. *Aaronson,* 49 *N. J. L.* 68, 71; *Den d. Haring* v. *Van Houten,* 22 *Id.* 61; *Platt* v. *Bente,* 49 *Id.* 679; *Wilkinson* v. *Lyons,* 87 *Id.* 200.

We are also of the opinion that the failure to charge the defendants' fourth request was not error. The defendants-appellants McCarthy made no such request to charge as set forth in their grounds of appeal but seem to be relying upon a request made by the other defendant. That request was: "The change in location of the line of an avenue did not change boundary lines of land conveyed by prior deeds referring to the line of the avenue as it then existed."

It is true that this was not charged in the language requested but the court below, plainly and in perfectly understandable language, instructed the jury that the finding of the true north line of John street, the true location of the Hornblower line and the question as to whether or not John street had been widened so as to shorten the depth of plaintiffs' lot would settle the question in dispute.

A request to charge need not be charged in the exact language of the request so long as its subject-matter is substantially charged. *Runyon* v. *Monarch Accident Insurance Co.,* 108 *N. J. L.* 489; *Miller* v. *Public Service,* 111 *Id.* 339; *Albert* v. *Ford Motor Co.,* 112 *Id.* 597; *Robbins* v. *Thies,* 117 *Id.* 389; *Nass* v. *Harris,* 117 *Id.* 427.

We are, therefore, unable to find any harmful or prejudicial error under this ground of appeal.

The judgment under review is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 13.

*For reversal*—HEHER, J. 1.